UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDRA WEINDEL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:12-CV-1778 CAS |
| | ) | |
| v. | ) | |
| | ) | |
| ALLSTATE INSURANCE COMPANY and AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand to the Circuit Court of the City of St. Louis, Missouri. Defendant does not oppose the motion. For the following reasons, plaintiff's motion will be granted, and this action will be remanded to the Circuit Court of the City of St. Louis.

On August 6, 2012, plaintiff filed this action in the Circuit Court of the City of St. Louis, Missouri, naming two defendants: Allstate Insurance Company ("Allstate") and American Family Mutual Insurance Company ("American Family"). Both defendants were served with the summons and the petition on September 5, 2012.

On October 2, 2012, defendant American Family filed a notice of removal. The notice of removal was filed within thirty days of service. The other defendant in the case, Allstate, did not seek to remove the case within thirty days of service, and did not consent to the removal. In fact, after American Family filed its notice of removal, defendant Allstate filed an answer to the petition in the state court.

"Removal is authorized by 28 U.S.C. § 1441 and governed by § 1446. Where there are multiple defendants, all must join in a petition to remove within thirty days of service." Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002) (citing the general rule of unanimity in case involving Title VII and state law claims removed to federal court).

As plaintiff correctly points out, nothing in the record suggests defendant Allstate consented to removal. (Pl. Mem. at 1). In response to the motion to remand, defendant American Family acknowledges the defect in its removal, stating, "[I]t appears that remand is, indeed, appropriate and Plaintiff's motion is well taken." (Resp. at 1).

The right to remove is jointly held by all defendants. The failure of one defendant to join in the notice precludes removal. See 28 U.S.C. § 1446(b)(2)(A). Because defendant Allstate did not join in the removal, the case will be remanded to the Circuit Court of the City of St. Louis.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **GRANTED**. [Doc. 11]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis under 28 U.S.C. § 1447(c).

An appropriate Order of Remand will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 31st day of October, 2012.